# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAVID K. CASSIDY,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-3443-17-0666-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DATE: October 28, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David K. Cassidy, Lacey, Washington, pro se.

Richard L. Schwartz, APO, AE, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his pay disparity appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant filed the initial appeal alleging that he was paid approximately $13,000 less annually than his younger female subordinate who has less service. Initial Appeal File (IAF), Tab 1 at 3. The appellant alleged this was a personnel action or decision by the agency and that the agency failed to follow merit pay principles. *Id.*

In an Order to Show Cause, the administrative judge notified the appellant of his burden of proof to establish Board jurisdiction over an adverse action appeal under chapter 75. IAF, Tab 3. The appellant did not respond to this order. IAF, Tab 6, Initial Decision (ID) at 2. Because the appellant failed to raise a nonfrivolous allegation of jurisdiction, the administrative judge determined that he was not entitled to a hearing and dismissed the appeal for lack of jurisdiction. ID at 1.

The appellant has filed a petition for review of the initial decision, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 4. In his petition for review, the appellant asserts that he did not timely receive the Order to Show

Cause or the initial decision due to mail delays and his deployment to temporary active duty. PFR File, Tab 1 at 1. The appellant further asserts that "[t]he Board's jurisdiction in this case is clearly outlined in 29 U.S.C. § 206(d)(1)." *Id.* Lastly, the appellant lists various scenarios in which the Board may review pay issues, apparently asserting that this establishes Board jurisdiction over his appeal. *Id.* at 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board's jurisdiction is limited to areas specifically granted by law, rule, or regulation. *Todd v. Merit Systems Protection Board*, 55 F.3d 1574, 1576 (Fed. Cir. 1995). An appellant has the burden to establish jurisdiction over his appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶6    Although the appellant indicates that he received the administrative judge's jurisdictional order and the initial decision late, we find that his petition for review was timely filed. PFR File, Tab 1 at 1. Further, because jurisdiction may be raised at any time during Board proceedings, we consider the appellant's arguments on review, regardless of his failure to respond to the order below. *Morgan v. Department of the Navy*, 28 M.S.P.R. 477, 478 (1985); ID at 2.

¶7    Nonetheless, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction. A claim under the Equal Pay Act, such as this one, does not fall within the Board's original or appellate jurisdiction. *See* 5 C.F.R. §§ 1201.2-1201.3 (listing claims over which the Board has jurisdiction). The appellant's reference to three circumstances in which pay issues may come before the Board, seemingly arguing that this establishes Board jurisdiction over all pay issues, misses the mark. The appellant first notes that an Equal Pay Act claim may be raised as an affirmative defense in a mixed case before the Board in which the Board has jurisdiction over an adverse action. PFR File, Tab 1 at 2 (citing 5 U.S.C. §§ 2302(b)(1)(C) and 7702(a)(1)(B)(ii)). However, the appellant did not allege that he suffered from an adverse action

under chapter 75. IAF, Tab 1 at 3. Adverse actions are limited to removals, suspensions exceeding 14 days, reductions in grade, reductions in pay, and furloughs of 30 days or less. 5 U.S.C. § 7512(1)-(5). The Board generally lacks jurisdiction over discrimination claims in the absence of an otherwise appealable action. *Rosario-Fabregas v. Department of Army*, 122 M.S.P.R. 468, ¶ 20 (2015), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016).

¶8    The appellant additionally states that pay issues may come before the Board in situations where the Board has ordered corrective action for employees. PFR File, Tab 1 at 2 (citing *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984)). This situation is not applicable here, however, as there is no such order in this matter.

¶9    Finally, the appellant states that pay issues may come before the Board in whistleblower reprisal cases because "a decision concerning pay" is a "personnel action" as defined by 5 U.S.C. § 2302(a)(2)(A)(ix). PFR File, Tab 1 at 2. This too is not applicable here as the appellant has alleged neither that he is a whistleblower nor that the decision concerning his pay was made in response to a protected disclosure. The appellant's language referencing whistleblower reprisal, which was copied and pasted from the Board's website verbatim,[2] does not amount to a whistleblowing claim because he does not allege that his pay was the result of whistleblower reprisal. Further, the appellant did not suggest in his initial appeal that he was filing such a claim. In fact, he left blank the portion of the initial appeal form that sought information as to exhaustion of his Office of Special Counsel administrative remedy. IAF, Tab 1 at 4. Thus, we discern no error in the administrative judge's lack of specific notice on how to establish jurisdiction over an individual right of action appeal. *See Washington v. Department of the Navy*, 75 M.S.P.R. 150, 153 (1997) (finding that an

---

[2] U.S. Merit Systems Protection Board, Merit System Principles, MSP3 Q & A, What is the MSPB's adjudicatory role in ensuring equal pay is provided for equal work?, https://www.mspb.gov/msp/msp3.htm (last visited Oct. 27, 2022).

administrative judge was not required to infer that an appellant was raising a whistleblower reprisal claim when he responded to the question on his initial appeal as to whether he was raising such a claim with the response "N/A"). When an appellant does not allege that the personnel action at issue is in retaliation for whistleblowing, the administrative judge is not required to draw a contrary conclusion based on one off-hand reference to whistleblowing. *Id.*

¶10     For the foregoing reasons, we deny the appellant's petition for review and affirm the initial decision finding that the appellant has failed to make a nonfrivolous allegation of Board jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.